## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WILDEARTH GUARDIANS

        Plaintiff,

v.

GINA McCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency,

        Defendant.

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.  Congress enacted section 169A of the Clean Air Act, "Visibility protection for Federal class I areas," to protect the intrinsic beauty and historical and archeological treasures of most wilderness areas and national parks in the United States by ensuring high air quality in these pristine lands.  The Clean Air Act's visibility protection provisions require states to prepare state implementation plans ("SIPs") designed to make reasonable progress toward restoring natural visibility conditions in these "Class 1" areas.  These "regional haze SIPs" must be submitted to the Environmental Protection Agency ("EPA"), which has the authority to approve, disapprove, or require modification of the plan.

2.  States were required to submit these regional haze SIPs to EPA by December 17, 2007.  Continued delay by states and EPA in finalizing these plans has deprived citizens of the full enjoyment of our wilderness areas and national parks.  This delay has also caused residents

and visitors to Utah to be unnecessarily exposed to harmful levels of air pollution.

3. The Clean Air Act mandates that EPA promulgate a Federal Implementation Plan ("FIP") within two years after finding that a state has failed to make a required SIP submittal.

4. EPA disapproved Utah's regional haze SIP in 2012. At issue was Utah's failure to ensure that pollution from two coal-fired power plants was effectively kept in check to protect clean air and improve visibility in Class 1 areas. More than two years later, EPA has not promulgated a regional haze FIP for the State of Utah, in violation of its nondiscretionary duty.

5. Plaintiff WildEarth Guardians ("Guardians") brings this Clean Air Act citizen suit to compel Defendant, Gina McCarthy, Administrator of the EPA, to perform her non-discretionary duty to promulgate a regional haze FIP for Utah. The timely promulgation of a FIP is necessary to ensure adequate protection of air quality and to make reasonable progress toward restoring natural visibility conditions in Class 1 areas.

## JURISDICTION, NOTICE AND VENUE

6. This is an action against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under the Clean Air Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question).

7. The requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 42 U.S.C. § 7604(a). The requested injunctive relief is authorized by 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a).

8. On January 21, 2015, Guardians provided EPA with written notice of the claim concerning EPA's failure to promulgate a FIP for regional haze requirements for Utah.

Guardians provided this notice pursuant to 42 U.S.C. § 7604(b)(2).  Although more than 60 days have elapsed since Guardians gave notice, EPA remains in violation of the law.

9.     As EPA has failed to redress the Clean Air Act violation set forth in Guardians' notice letter, there exists now between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).  EPA resides in this judicial district and maintains a major regional office responsible for the overdue FIP Rule at issue, in Denver, Colorado.  Additionally, Guardians maintains a major office in Denver, Colorado.

## PARTIES

11.    Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization.  Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality.  WildEarth Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment.  WildEarth Guardians has approximately 66,500 members and activists, many of whom live, work, or recreate in Utah.

12.    Guardians is a corporation.  Therefore, Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e).  As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

13.    Guardians' members live, work, recreate, and conduct educational, research, advocacy, and other activities in Utah in areas where air pollution, the emission of which should be regulated under the FIP Rule at issue in this case, harms these activities.  Guardians' members

3

also recreate in national parks and wilderness areas whose visibility continues to be impaired by air pollution that should be regulated under a regional haze FIP for Utah.  This air pollution adversely impacts Guardians' and its members' interests.  EPA's failure to promulgate a regional haze FIP for Utah also creates doubt for Guardians' members as to whether they are exposed to illegal levels of air pollution.  Guardians' and its members' interests have been, are being, and will continue to be irreparably harmed by EPA's failure to promulgate a regional haze FIP for Utah.

14.	The violations alleged in this Complaint deprive Guardians and its members of certain procedural rights associated with EPA's required action on promulgation of a FIP, including notice and opportunity to comment.  The violations alleged in this Complaint also deprive Guardians and its members of certain information associated with EPA's required action on promulgation of a FIP.

15.	The violations alleged in this Complaint have injured and continue to injure the interests of Guardians and its members.  These injuries are traceable to Defendant's failure to act.  Granting the requested relief would redress these injuries by compelling EPA action that Congress determined to be an integral part of making reasonable progress towards remedying visibility impairment in our national parks and wilderness areas.

16.	Defendant GINA McCARTHY is Administrator of the United States Environmental Protection Agency.  Ms. McCarthy is sued in her official capacity.  The Administrator is charged with implementation and enforcement of the Clean Air Act.  As described below, the Clean Air Act assigns EPA certain non-discretionary duties.

## LEGAL FRAMEWORK

17. The Clean Air Act establishes a partnership between EPA and the states for the attainment and maintenance of national air quality goals. 42 U.S.C. §§ 7401-7515. This system is intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356.

18. States, or regions within a state, must adopt SIPs that contains enforceable emissions limitations necessary to attain the National Ambient Air Quality Standards ("NAAQS") and meet all applicable requirements of the Clean Air Act. *See, e.g.,* 42 U.S.C. §§ 7410(a)(1), (a)(2)(A), 7502(c)(6). Such plans must be submitted to and approved by EPA. 42 U.S.C. § 7410(a)(1), (k).

19. Within 60 days of EPA's receipt of a proposed SIP or SIP revision, the Clean Air Act requires EPA to determine whether the submission is sufficient to meet the minimum criteria established by EPA for such proposals. 42 U.S.C. § 7410(k)(1)(B). If EPA determines that the proposed SIP or SIP revision does not meet the minimum criteria, the State is considered not to have made the submission. 42 U.S.C. § 7410(k)(1)(C).

20. Within 12 months of finding that a proposed SIP or SIP revision is complete (or deemed complete by operation of law), EPA must act to approve, disapprove, or approve in part and disapprove in part, the submission. 42 U.S.C. § 7410(k)(2).

21. Once EPA approves a SIP or SIP revision, polluters must comply with all emission standards and limitations contained in the SIP, and all such standards and limitations become federal law and are enforceable by EPA and citizens in federal courts. 42 U.S.C. § 7413

and 42 U.S.C. § 7604(a).

22. Section 169A of the Clean Air Act regulates regional haze. In 1977, Congress declared as a national goal "the prevention of any future, and the remedying of any existing, impairment of visibility in mandatory class I Federal areas which impairment results from manmade air pollution." 42 U.S.C. § 7491. These mandatory "Class I" Federal include 156 national parks and wilderness areas, such as Arches, Canyonlands, and Zion in Utah. *See generally* 40 C.F.R. pt. 81.

23. Congress also directed EPA to require any State in which a Class 1 Area is located to submit a SIP that contains "such emission limits, schedules of compliance and other measures as may be necessary to make reasonable progress toward meeting the national goal." 42 U.S.C. § 7491(b)(2). The Clean Air Act requires that these limits be established through a SIP approved by EPA. 42 U.S.C. § 7491(b)(2).

24. EPA's visibility regulations, codified at 40 C.F.R. §§ 51.300-51.309, require states to develop regional haze SIPs with measures necessary to make reasonable progress towards remedying visibility impairment in Class I areas. The required SIP elements include: the setting of reasonable progress goals for each Class I area located in the state; calculations of baseline and natural visibility conditions for each Class I area within the state; a long-term strategy to address regional haze for each Class I area within the state or affected by emissions within the state, including compliance schedules, enforceable emission limitations, and other measures necessary to achieve reasonable progress goals; a strategy for measuring, characterizing, and reporting regional haze; and determinations and requirements regarding Best Available Retrofit Technology ("BART"). 40 C.F.R. § 51.308.

25. States were required to submit these regional haze SIPs to EPA by December 17, 2007. 42 U.S.C. § 7407(d)(7) and 40 C.F.R. § 51.308(b).

26. If a state fails to submit a SIP, submits an incomplete SIP, or if EPA disapproves a SIP in whole or in part because the SIP does not meet the Clean Air Act's minimum requirements, then EPA must develop its own plan, called a Federal Implementation Plan ("FIP"). 42 U.S.C. § 7410(c)(1). The Act requires EPA to Promulgate a FIP within two years of such a finding or disapproval "unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such [a FIP]." *Id*.

27. Once the "FIP clock" begins to run, EPA must promulgate that FIP unless a state submits a SIP and it is approved by EPA within the two year period. 42 U.S.C. § 7410(c).

28. If EPA fails to comply with a non-discretionary duty, such as acting on a proposed SIP revision within the Clean Air Act deadlines or promulgating a FIP within the statutorily mandated timeframe, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty. 42 U.S.C. § 7604(a)(2).

## FACTUAL ALLEGATIONS

29. On May 26, 2011, Utah submitted a SIP revision to EPA that addressed some of the regional haze SIP requirements.

30. On October 30, 2012, EPA partially disapproved Utah's SIP revision addressing regional haze requirements under Section 169A of the Clean Air Act. 77 Fed. Reg. 74,355-74,372 (Dec. 14, 2012).

31. EPA's disapproval of Utah's regional haze plan was based on the State's failure to adopt adequate BART requirements, in compliance with 40 C.F.R. § 51.308(e), for two of the

State's largest coal-fired power plants, Hunter and Huntingdon, primarily owned and operated by PacifiCorp.  Specifically, EPA disapproved the State's nitrogen oxide and particulate matter BART determinations and limits for PacifiCorp Hunter Units 1 and 2, and PacifiCorp Huntingdon Units 1 and 2.  EPA also disapproved the SIP because it did not include provisions necessary to make BART limits practically enforceable as required by Section 110(a)(2) of the Clean Air Act and Appendix V to 40 C.F.R. part 51.  *See* 77 Fed. Reg. 74,357.

32.	As of date of filing this Complaint, EPA has not approved a regional haze SIP for Utah that meets the required elements for addressing regional haze set forth in 40 C.F.R. §§ 51.300-51.309.

33.	As of the date of filing this Complaint, EPA has not promulgated a regional haze FIP for Utah.

### CLAIM FOR RELIEF
### Failure to Perform a Non-Discretionary Duty
### to Promulgate a Regional Haze FIP for Utah

34.	Plaintiff incorporates by reference all the preceding allegations in this Complaint.

35.	On October 30, 2012, EPA took final action partially disapproving Utah's regional haze SIP.  EPA determined that the State had not addressed some of the required regional haze SIP elements set forth at 40 C.F.R. §51.308.  77 Fed. Reg. 74,357 (December 14, 2012).

36.	Therefore, EPA had, and continues to have a mandatory duty to promulgate a regional haze FIP by no later than January 14, 2015.  42 U.S.C. § 7410(c).

37.	EPA has not yet promulgated a regional haze FIP for Utah, in violation of its mandatory duty in 42 U.S.C. § 7410(c).

38. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless remedied by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

A. A declaration that EPA has violated and continues to violate the Clean Air Act by failing to promulgate a regional haze FIP for Utah, as detailed above;

B. An injunction compelling EPA to promulgate a FIP for Utah by a reasonable date certain;

C. An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

D. An order awarding Guardians its costs of litigation, including reasonable attorneys' fees; and

E. Such other and further relief as the court deems just and proper.

Respectfully submitted on this 27th day of March, 2015,

/s/ Samantha Ruscavage-Barz
WildEarth Guardians
516 Alto Street
Santa Fe, NM 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

/s/ Ashley D. Wilmes
WildEarth Guardians
680 W. Hickory St.
Louisville, CO 80027
(859) 312-4162
awilmes@wildearthguardians.org

*Attorneys for Plaintiff WildEarth Guardians*