IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00630-MSK-KLM,
      Consolidated with 15-cv-00666-MSK-MJW

WILDEARTH GUARDIANS,
HEAL UTAH,
NATIONAL PARKS CONSERVATION ASSOCIATION, and
SIERRA CLUB,

      Plaintiffs,

v.

GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency,

      Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the State of Utah's **Motion to Intervene** [#12] and on PacifiCorp's **Motion to Intervene** [#16]. Each seeks leave to intervene in the present action pursuant to Fed. R. Civ. P. 24(a)(2) (allowing intervention as of right) and Fed. R. Civ. P. 24(b)(1)(B) (allowing permissive intervention). Plaintiffs are unopposed to the Motions. See [#12] at 2; [#16] at 2. Defendant filed a Response [#21] opposing the Motions with respect to intervention as of right under Fed. R. Civ. P. 24(a)(2), but taking no position on the Motions with respect to permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). In the Replies [#26, #27], the State of Utah and PacifiCorp urge the Court to grant the Motions [#12, #16] pursuant to Fed. R. Civ. P. 24(b)(1)(B) because no party to this lawsuit has opposed intervention under that rule. The State of Utah was also permitted to file a Supplemental Reply [#33] based on events occurring after it had filed its original Reply [#27].

      It is within the Court's discretion whether to grant a motion for permissive intervention under Rule 24(b). See, e.g., *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996). Fed. R. Civ. P. 24(b)(1)(B) states: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Having examined the Consolidated Amended Complaint for Declaratory and Injunctive Relief [#35], the Movants'

Proposed Answers [#12-2, #16-4], and the entire docket, the Court finds that the Movants meet this standard.  In short, Plaintiffs "challenge the failure of the U.S. Environmental Protection Agency ("EPA") to develop a plan for reducing regional haze pollution from certain sources in Utah by EPA's statutory deadline." *Am. Compl.* [#25] ¶ 1.  "Specifically, [Plaintiffs assert that Defendant] failed to timely promulgate a regional haze federal implementation plan ("RH FIP") addressing certain 'best available retrofit technology' ("BART") requirements for Units 1 and 2 of the Hunter and Huntington coal-fired power plants operated and/or owned by PacifiCorp in Utah." *Motion* [#12] (summarizing *Compl.* ¶¶ 29-33).  As of June 11, 2015, "Utah has completed its submission of RH FIP and all supporting documentation to EPA." *Supplemental Reply* [#33] at 3.  "The PacifiCorp Units are the only sources in Utah that will be regulated under the RH FIP sought by Plaintiff[s]. Accordingly, PacifiCorp has been an active participant in the State of Utah's rulemaking process to review Utah's [RH FIP]." *Motion* [#16] at 3.

Further, in making this determination, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Here, the State of Utah and PacifiCorp filed their Motions to Intervene within about seven weeks of the instigation of this lawsuit.  A Scheduling Conference has not yet been held.  Neither Plaintiffs nor Defendant has asserted that permitting the Movants to intervene will prejudice the current parties.  Thus, the Court finds that intervention will not unduly delay or prejudice the adjudication of the original parties' rights.  Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#12, #16] are **GRANTED**.  The State of Utah and PacifiCorp are permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Because Plaintiffs have filed a Consolidated Amended Complaint for Declaratory and Injunctive Relief [#35], the proposed Answers [#12-2, #16-4] are no longer directed at the live complaint.  Accordingly,

IT IS FURTHER **ORDERED** that the State of Utah and PacifiCorp shall answer or otherwise respond to the Consolidated Amended Complaint for Declaratory and Injunctive Relief **on or before August 12, 2015**.

Dated:  July 29, 2015